PER CURIAM.
A complaint was filed by the Florida Bar against the respondent, William H. Hamilton, an attorney at law, on the 28th of May, 1954, charging that the said respondent had been guilty of professional misconduct in the following respect: that the said respondent, William H. Hamilton, retained in his possession money of one of his clients in a sum in excess of $100 and did convert the same to his own use contrary to the statutes of the State of Florida; that such conversion was a felony involving moral turpitude and a violation of sub-section 28 of Rule B of Section II of the Code of Ethics governing attorneys as adopted by the Supreme Court of Florida on January 27, 1941, 31 F.S.A. The complaint further charged that the respondent in the months of March, April, May and June of 1952 collected certain sums of money for another client of approximately $2,300 which he failed to use for the benefit of his client as he was directed to do and commingled said funds with his own funds and converted the same to his own use contrary to the statutes of the State of Florida, and that said misconduct was a felony involving moral turpitude in violation of sub-section 28 of Rule B, Section II, of the Code of Ethics governing attorneys as adopted by the Supreme Court of Florida on January 27, 1941.
A referee was appointed by this Court in accordance with the provisions of the Integration Rule. It was stipulated by the respondent and the Florida Bar that the *351 transcript of testimony and exhibits introduced before the Grievance Committee of the Eleventh Judicial Circuit of Florida shall constitute the entire record of testimony and exhibits in these proceedings, and that said referee should make his findings and recommendations to the Board of Governors of the Florida Bar on the basis thereof.
The referee filed his report and recommendations before the Board of Governors of the Florida Bar in which he recommended that the respondent be suspended from the practice of law for a period of five years providing full restitution was made to one of his clients and that in the event the respondent failed to make restitution, respondent’s license to practice be revoked at the end of such five year period. Upon the consideration of said report by the Board of Governors of the Florida Bar, the said Board adopted the findings of fact of the referee, but recommended to this Court that the respondent be disbarred from the practice of law in this State.
Sixty days having now elapsed since the filing with the Clerk of this Court of the recommendations of the Board of Governors of the Florida Bar, together with the transcript of the evidence and the other proceedings in said cause, and no petition for review of said recommendations either to deny or to modify the same having been filed, and the Court having duly considered the record in said cause and said recommendations, it is, thereupon,
Ordered that the respondent, William H. Hamilton, be and he is hereby disbarred from the practice of law in this State.
DREW, C. J., and TERRELL, THOMAS, HOBSON, THORNAL and O’CONNELL, JJ., concur.
ROBERTS, J., dissents.